**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4485**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

MAURICIO MARIO BALTAZAR,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:13-cr-00042-RLV-DSC-1)

Submitted: January 5, 2015      Decided: January 14, 2015

Before MOTZ, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mauricio Baltazar appeals the district court's criminal judgment sentencing him to 169 months' imprisonment pursuant to his guilty plea to conspiracy to distribute and to possess with intent to distribute at least 1500 grams, but less than 5000 grams, of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (2012). Baltazar's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Baltazar's trial counsel was ineffective for failing to move to suppress the evidence obtained from the search of Baltazar's cellular phone. Although advised of his right to do so, Baltazar has not filed a pro se supplemental brief. The Government declined to file a response. We affirm.

We decline to reach Baltazar's counsel's claims of ineffective assistance of counsel. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because there

is no conclusive evidence of ineffective assistance of counsel on the face of the record, we conclude that these claims should be raised, if at all, in a § 2255 motion.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We thus affirm the district court's judgment. This court requires that counsel inform Baltazar, in writing, of the right to petition the Supreme Court of the United States for further review. If Baltazar requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Baltazar. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>